UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERNANDO JOSE SANCHEZ on behalf of himself and all other similarly situated persons, known and unknown, pursuant to 29 U.S.C. § 216(b), <br><br> Plaintiffs, <br><br> v. <br><br> PRO-FAB SHEET METAL, INC.; and MARWAN WAHID, individually, <br><br> Defendants. | |

**COMPLAINT AT LAW**

Plaintiff, Fernando Jose Sanchez, on behalf of himself and all other similarly situated persons, known and unknown, pursuant to 29 U.S.C. § 216(b) (the "Collective Plaintiffs"), by and through their attorneys, Caffarelli & Associates Ltd., for his Complaint at Law against Pro-Fab Sheet Metal, Inc. ("Company"), and Marwan Wahid, individually, states as follows:

**NATURE OF ACTION**

1.  Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Specifically, Defendants violated the FLSA by failing to pay Plaintiff and putative members of the Collective Plaintiffs one and one-half times their regular rate of pay ("overtime") for all hours worked over forty (40) in individual workweeks.

2.  Plaintiff also brings an individual claim under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages as described in Paragraph 1.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within the State of Illinois, at Defendant Company's facilities located in DuPage County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, Fernando Jose Sanchez ("Plaintiff" or "Mr. Sanchez"), resides in Chicago, Illinois and was formerly employed by Defendants as a machine operator from on or about July 2008 through on or about February 24, 2015.

6. The Collective Plaintiffs that Mr. Sanchez seeks to represent are comprised of similarly situated current and former employees of the Defendants who were not paid overtime wages for hours worked in excess of forty (40) in one workweek, in violation of the FLSA.

7. During the statutory period, Mr. Sanchez, and the putative members of the Collective Plaintiffs, were employed by Defendants as "employees" as defined by the FLSA.

8. During the statutory period, Mr. Sanchez was employed by Defendants as an "employee" as defined by the IMWL.

9. During the course of their employment, Mr. Sanchez and the putative members of the Collective Plaintiffs were not exempt from the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

10. During the course of his employment, Mr. Sanchez was not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a.

11. Defendant Company is an Illinois corporation engaged in the business of sheet metal fabrication. The Company has locations at the following sites:

    a. 355 South Stewart Avenue, Addison, DuPage County, Illinois 60101;

    b. 880 East 99th Court, Crown Point, Indiana 46307.

12. Defendant Marwan Wahid ("Defendant Wahid") is the owner and/or president of Pro-Fab Sheet Metal, Inc. During the relevant time period, Defendant Wahid had the authority to, and did, hire and fire employees of the Company; direct and supervise the work of the Company employees; sign on the Company's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation for the Company.

13. The Company is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

## FACTUAL ALLEGATIONS

14. Plaintiff was formerly employed by Defendants as a machine operator from on or about July 2008 through on or about February 24, 2015.

15. Defendants paid Mr. Sanchez at a rate of $16.00 per hour during 2015.

16. Defendants paid Mr. Sanchez at a rate of $15.00 per hour throughout 2014.

17. Defendants paid Mr. Sanchez at a rate of $14.00 per hour throughout 2013.

18. Defendants paid Mr. Sanchez at a rate of $13.00 per hour throughout 2012.

19. Defendants regularly split Mr. Sanchez's pay between two paychecks.

20. Mr. Sanchez regularly worked in excess of forty hours per workweek.

21. Defendants did not pay Mr. Sanchez at the rate of one and one-half times his regular hourly rate at any time during his employment for the hours he worked in excess of forty during a given workweek.

22. Upon information and belief, Defendants compensated the putative members of the Collective Plaintiffs in a manner that is the same or similar to the compensation practices described above.

23. Plaintiff and other members of the Collective Plaintiffs regularly worked in excess of forty (40) hours per week.

24. Plaintiff and the Collective Plaintiffs entitled to be compensated at an overtime rate for all hours worked in excess of forty (40) per week.

25. Defendants failed to compensate Plaintiff and the Collective Plaintiffs at an overtime rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

26. Defendants were aware of their obligation to pay employees overtime and intentionally chose not to pay Plaintiff and the Collective Plaintiffs accordingly.

27. Defendants acted in bad faith in failing to properly compensate Mr. Sanchez and members of the Collective Plaintiffs for the work they performed.

**COUNT I – FAIR LABOR STANDARDS ACT – OVERTIME**
**(Collective Action Against All Defendants)**

28. Plaintiff restates and incorporates Paragraphs 1 through 27 as though fully set forth herein.

29. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiff and all putative Collective Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

30. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff has attached as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

31. Plaintiff and other similarly situated employees who are putative Collective Plaintiffs were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

32. Defendants failed to pay Plaintiff and putative Collective Plaintiffs at the overtime rate for all hours worked over forty (40) in a workweek.

33. All past and present machine operators, including Plaintiff, are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and all have been and/or are presently being denied overtime compensation as required by the FLSA.

34. Defendants' failure to pay compensation to Plaintiff and the putative Collective Plaintiffs at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

35. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their compensation policy and methods of payment utilized to mask the hours Plaintiff and putative Collective Plaintiffs worked in excess of forty (40) hours per week. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiff Fernando Jose Sanchez, on behalf of himself and all other similarly situated persons, known and unknown, , pursuant to 29 U.S.C. § 216(b), respectfully requests that this Court enter an order as follows:

a) Conditionally certifying this action to proceed as an opt-in collection action under 29 U.S.C. § 216(b);

b) Awarding judgment for all unpaid back pay, including overtime, equal for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

c) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

d) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

e) Awarding reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

f) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

g) Awarding such additional relief as the Court may deem just and proper.

### COUNT II – ILLINOIS MINIMUM WAGE LAW – OVERTIME
(On Behalf of Named Plaintiff Only, Against All Defendants)

36. Plaintiff restates and incorporates Paragraphs 1 through 27 as though fully set forth herein.

37. The matters set forth in this Count arise from Defendants' violations of the IMWL for their failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek.

38. At all times relevant, Defendants have been "employers" as defined in the IMWL. 820 Ill. Comp. Stat. 105/3(c).

39. At all times relevant, Mr. Sanchez was employed by Defendants as an "employee" within the meaning of the IMWL. 820 Ill. Comp. Stat. 105/1, *et seq*.

40. Pursuant to the IMWL, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at the overtime rate.

41. Plaintiff regularly worked in excess of forty (40) hours per work week.

42. Defendants violated the IMWL by failing to compensate Mr. Sanchez at the overtime rate for all hours worked in excess of forty (40) hours per work week.

43. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Mr. Sanchez is entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Fernando Jose Sanchez respectfully requests that this Court enter an order as follows:

a) Awarding judgment in the amount of all unpaid back pay owed to Plaintiff pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: March 16, 2015

Alejandro Caffarelli, #06239078
Alexis D. Martin, #06309619
Caffarelli & Associates Ltd.
224 South Michigan Avenue, Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880

Respectfully submitted,
FERNANDO JOSE SANCHEZ, on behalf of himself and all other similarly situated persons, known and unknown, pursuant to 29 U.S.C. § 216(b),

By: /s/ Alejandro Caffarelli
    Attorney for Plaintiff